### John Linn, Appellee, v. Lucy Moore, Appellant.

### Gen. No. 6,456.    (Not to be reported in full.)

Appeal from the County Court of Peoria county; the Hon. CHES-
TER F. BARNETT, Judge, presiding. Heard in this court at the April
term, 1917. Affirmed. Opinion filed October 16, 1917.

## Statement of the Case.

Action in forcible entry and detainer by John Linn,
plaintiff, against Lucy Moore, defendant. From a
judgment for plaintiff, defendant appeals.

The premises were sold under foreclosure against
the owner and mortgagor, Robert Krieger, others in-
cluding this defendant being made parties, and were
purchased by the complainant in foreclosure. On the
last day of the 15 months following the sale this plain-
tiff obtained judgment against Krieger, sued out exe-
cution, paid redemption money to the sheriff, who
levied on the premises and sold and conveyed same to
plaintiff, who later made demand upon defendant for
possession, and upon her refusal brought this action.

JOHN B. KING and LEO G. HANA, for appellant.

DAILEY & MILLER and McROBERTS, MORGAN & ZIM-
MERMAN, for appellee.

MR. PRESIDING JUSTICE CARNES delivered the opinion
of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1040*—*when duty of appellant to point
out error.* Where error was assigned in the admission of testimony
without pointing out same and there was a statement in the brief
that sufficient grounds were not laid for introduction of a certain

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

judgment and that it was not valid, it was appellant's duty to point out the error, the record of the judgment being without defect on its face.

2. FORCIBLE ENTRY AND DETAINER, § 46*—*what is effect of deed to redeeming creditor on right to bring.* Where plaintiff in an action of forcible entry and detainer became owner of the premises by purchase and deed from a sheriff as a redemption creditor under his judgment obtained on the last day of the 15 months from the foreclosure sale from which he redeemed, a conveyance by the debtor on the same day to plaintiff did not prejudice plaintiff's rights in such action under his deed from the sheriff.

3. APPEAL AND ERROR, § 1488*—*when admission of incompetent evidence in trial by court is harmless error.* Where trial was before the court without a jury, and competent and uncontradicted evidence supported the finding and judgment, it was not material error if other evidence not technically competent was heard.